Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 5708 | **DATE** | 6/2/2000 |
| **CASE TITLE** | Karen Jutzi Johnson vs. United States of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Plaintiff's Bill of Costs is granted, as modified. The Government is hereby ordered to pay $6,456.84.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | JUN 05 2000 date docketed |
| ✓ | Docketing to mail notices. | S.B. docketing deputy initials |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | |
| SCT | courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 47

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KAREN JUTZI JOHNSON, as )
Administrator of the Estate of )        DOCKETED
ROBERT JOHNSON, deceased, )
                          )             JUN 05 2000
          Plaintiff,      )
                          )
vs.                       )             96 C 5708
                          )
THE UNITED STATES OF AMERICA, )
                          )
          Defendant.      )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Before the Court are the parties' briefs on the bill of costs submitted by Plaintiff. For the reasons set forth below, we award Plaintiff $6,456.84.

## DISCUSSION

Following a bench trial, on March 29, 2000, this Court entered judgment in favor of Plaintiff Karen Jutzi Johnson ("Plaintiff"), and against Defendant the United States of America ("the Government"). Pursuant to 28 U.S.C. § 1920, 1821, and Federal Rule of Civil Procedure 54(d), Plaintiff now seeks to recoup the expenses she incurred during her prosecution of this case.

On April 26, 2000, Plaintiff timely submitted her Bill of Costs and supporting documentation as proof of her claimed costs of $7,017.84. On May 12, 2000, the Government filed its answer, challenging certain costs, which we have examined in light of the attachments and exhibits proffered by Defendant, in conjunction with the applicable case law.

**A. Waived Fees**

To minimize discussion, at the outset we set forth the fees which Plaintiff has agreed to waive.

| | |
|---|---|
| $40.00 | McCarver Witness Fee |
| $27.25 | Color Laser Print |
| $92.70 | Trial Exhibit |
| $48.00 | Overtime Rate |
| $41.80 | Subpoena Fee |
| $249.75 | Total Waived Fees |

Thus, Plaintiff's fee recovery is reduced in the amount of $249.75.

**B. Service Costs**

Plaintiff seeks $461.70 for service of records and deposition subpoenas upon various third-parties. Under the Seventh Circuit's opinion in Collins v. Gorman, 96 F.3d 1057, 1060 (7th Cir. 1996), the prevailing party may recover service costs, even if a private process server effectuated service. Id. at 1060. Thus, Plaintiff may properly seek to recover her subpoena service costs from her private servers.

Because the Government does not challenge any service costs other than the waived fee of $41.80, and we find them to be reasonable and adequately supported, we award Plaintiff $419.90 in service costs.

## C. Transcript Costs

Plaintiff next seeks $5,198.16 in costs she incurred for various depositions. The Government, however, objects to several depositions, claiming that their testimony was not necessary to the resolution of this case. It is well-settled that while the prevailing party may recover the cost of deposing a witness whose testimony is not used at trial, the deposition must be necessary when it is taken. M.T. Bonk Co. v. Milton Bradley Co., 945 F.2d 1404, 1410 (7th Cir. 1991) (citing Hudson v. Nabisco Brands, Inc., 758 F.2d 1237, 1243 (7th Cir. 1985) ( overruled on other grounds Provident Bank v. Manor Steel Corp., 882 F.2d 258 (7th Cir. 1989)). Likewise, "[t]he introduction of a deposition in a summary judgment motion . . . is not a prerequisite for finding that it was necessary to take that deposition." Cengr v. Fusibond Piping Systems, Inc., 135 F.3d 445, 455 (7th Cir. 1998). "[T]he determination of necessity must be made in light of facts known at the time of the deposition." M.T. Bonk, 945 F.3d at 1410. So long as a deposition was not taken merely for counsel's convenience, costs pertaining to discovery depositions are recoverable. See Hudson, 758 F.2d at 1243.

In this case, the Government has not made a showing that any of the depositions were taken merely for the convenience of Plaintiff's counsel, nor that they were unnecessary when they were taken. Indeed, as Plaintiff points out, had she not taken several of the depositions, her counsel would likely have been committing malpractice, since the deponents at issue included two of the Government's named experts. By disclosing these experts, the Government itself forced Plaintiff to depose these individuals. Because the Government as the non-prevailing party must shoulder the burden of proof in opposing a request for costs, and has failed to do so, we must conclude that the depositions were necessary when taken, and we will tax the Government with their cost.

The Government next challenges the propriety of awarding costs for multiple copies of the same deposition. "[C]ourts may not tax the costs of transcripts of depositions provided merely for the convenience of the requesting attorney." Barber v. Ruth, 7 F.3d 636, 645 (7th Cir. 1993) (citing Hudson 758 F.2d at 1243). Plainly, extra copies of the same transcript are for the convenience of counsel, and may not be recovered. Therefore, we will not tax the Government with the unnecessary charges of multiple copies for five depositions, totaling $196.25.

The Government likewise argues that the electronic versions of seven depositions contained on formatted computer diskettes are non-recoverable costs

because diskettes are solely for the convenience of counsel. A parallel situation is found for videotaping depositions. A District Court may properly assess the costs attributed to videotaping a deposition, so long as the deposition is videotaped in lieu of being stenographically transcribed. Barber, 7 F.3d at 645. However, District Courts may not tax both the costs of transcribing a deposition and videotaping it. Commercial Credit Equip. Corp. v. Stamps, 920 F.2d 1361, 1369 (7th Cir. 1990).

Plaintiff seeks recovery of the costs associated with a deposition transcript contained on computer diskette in searchable electronic form, not in videotape form. However, we find the situations analogous because both are supplementary to the printed deposition transcript. Indeed, the utilitarian need for a videotaped deposition is even greater than for a diskette, because videotape is often used to preserve the testimony of a reluctant witness, an out-of-state witness, or a witness with precarious health that may not survive the completion of trial. In contrast, a deposition transcript on a diskette has no greater use at trial than a paper version. Its chief benefit is that it is searchable by counsel, allowing quicker access to the pertinent testimony (i.e. the diskette is provided merely for the convenience of requesting counsel). Therefore, we will apply the restriction on double recovery of costs associated with videotaping depositions to electronically stored versions on a computer diskette. Accordingly, Plaintiff may not recover the costs associated with

the formatted computer diskettes and we will disallow $115.00 from Plaintiff's cost recovery.

**D. Photocopying Expenses**

Plaintiff next requests that the Government be taxed with her photocopying costs of $870.75. The Government counters that the costs are unrecoverable because Plaintiff failed to provide sufficient detail on the nature of the copying charge. It is well-settled that "copying materials reasonably necessary for use in a case are recoverable costs under 28 U.S.C. § 1920(4)." M.T. Bonk, 945 F.2d at 1410. As in depositions, the underlying documents need not be introduced at trial for the expense associated with them to be recoverable. Id. Plaintiff's counsel claims its copying rate is ten cents per page, and that it did not even seek recovery for all of the costs associated with the copying involved in the case. Given a case the size and magnitude of this one, we find her copying costs to be reasonable and award the amount sought.

## CONCLUSION

For the reasons set forth above, Plaintiff's Bill of Costs is granted, as modified. The Government is hereby ordered to pay $6,456.84 which is allocated as follows:

|                                                      | Requested    | Awarded     |
|------------------------------------------------------|--------------|-------------|
| Service Costs                                        | $ 461.70     | $ 419.90    |
| Court Reporter Costs                                 | $5,198.16    | $4,798.91   |
| Copying costs                                        | $ 870.75     | $ 870.75    |
| Trial Exhibits                                       | $ 92.70      | $ 0.00      |
| Color laser prints                                   | $ 54.50      | $ 27.25     |
| Copies of Photos                                     | $ 73.00      | $ 73.00     |
| Reprinting Cook County Medical Examiner Information  | $ 147.03     | $ 147.03    |
| Filing Fee                                           | $ 120.00     | $ 120.00    |
| Total                                                | $ 7,017.84   | $ 6,456.84  |

Charles P. Kocoras
United States District Court Judge

Dated: June 2, 2000